PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1999 Cadillac struck a loose delineator on 1-79 North at mile post 22 near Clendenin, Kanawha County. 1-79 North is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly set forth below. The incident giving rise to this claim occurred at approximately 2:00 p.m. on November 5, 2008. 1-79 is a paved, four-lane road with two northbound lanes and two southbound lanes. The speed limit is seventy miles per hour. At the time of the incident, claimant was traveling to her home in Summersville. Claimant testified that she was driving between sixty-five and seventy miles per hour when her vehicle struck a loose delineator on the road. The delineator, which serves as a reflector between the two northbound lanes of traffic, was lying unattached from the road’s surface. After the incident, claimant pulled over to the side of the road. Two of respondent’s employees slowed down traffic and stopped to help the claimant. As a result, claimant’s vehicle sustained damage to its left rear tire and rim in the amount of $240.40.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-79 North. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the delineator which claimant’s vehicle struck and that it presented a hazard to the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $240.40.
Award of $240.40.